**Affirmed as Modified and Opinion Filed September 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01170-CR

## CLIFFORD EARL BOOKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F13-63134-M**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Clifford Earl Booker waived a jury and pleaded guilty to burglary of a vehicle, with two prior burglary of a vehicle convictions, and pleaded true to two enhancement programs. *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A) (West 2011). The trial court deferred adjudicating guilt, placed appellant on eight years' community supervision, and assessed a $750 fine. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim.

App. [Panel Op.] 1978).  Counsel delivered a copy of the brief to appellant.  We advised appellant of his right to file a pro se response, but he did not file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the order deferring adjudication of guilt incorrectly reflects there was a plea bargain agreement, when, in fact, appellant entered an open guilty plea.  Accordingly, we modify the section of the order deferring adjudication of guilt entitled "terms of plea bargain" to state "open."  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the order deferring adjudication of guilt.

Do Not Publish
TEX. R. APP. P. 47
141170F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLIFFORD EARL BOOKER, Appellant

No. 05-14-01170-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-63134-M).
Opinion delivered by Justice Bridges,
Justices Francis and Myers participating.


Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's order of deferred adjudication.


Judgment entered September 29, 2015.